Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Avenue, 7th Floor
New York, New York 10177
Telephone: (212) 300-5358
Facsimile: (347) 218-9478

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANDREA SHEPARD, and SHIRLEY SHEPARD,   Index No.: 16-cv-4909

                Plaintiffs,   **COMPLAINT AND JURY DEMAND**
                   **FOR DAMAGES FOR COPYRIGHT**
      v.   **INFRINGEMENT**

HOME BOX OFFICE, INC., BROAD STREET
REVIEW, COVERT PRODUCTIONS, LLC, and
DANIEL ROTTENBERG,

                Defendants.
-----------------------------------------------------------------x

      Plaintiffs ANDREA SHEPARD and SHIRLEY SHEPARD, by and through their attorneys at GARBARINI FITZGERALD P.C., bring this Complaint and Jury Demand against Defendants HOME BOX OFFICE INC., BROAD STREET REVIEW, COVERT PRODUCTIONS, LLC, and DANIEL ROTTENBERG based on primary and secondary copyright infringement pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act" or "Act").

### NATURE OF THE ACTION

      1.     Plaintiffs are the beneficial owners to all rights, title, and interest, including all rights afforded under the Act for their series of courtroom sketches in what has become known as the "Newburgh Sting" case.

2. Upon information and belief, Defendant COVERTPRODUCTIONS, LLC produced a film titled the "Newburgh Sting" which incorporated the copyrighted sketches of plaintiffs. On April 24, 2014, Defendant HOME BOX OFFICE, INC. released the subject film. Defendants BROAD STREET REVIEW and DANIEL ROTTENBERG created and/or produced the subject film.

3. At no time did defendants have a license for this use. Defendants also used the copyrighted sketches on their websites.

4. The sketches formed a key part of the documentary. In fact, as of the date of this complaint, defendants BROAD STREET REVIEW and DANIEL ROTTENBERG use a still of one of the sketches on their website as the advertisement for the subject film. Defendants also released a publicity still of one of the sketches which was used in various reviews of the film, including one by the New York Times.

5. Defendants were notified in April 2016 of the infringing use, but they continue to distribute the subject film, and use the copyrighted sketches in advertisements.

6. Defendants BROAD STREET REVIEW and ROTTENBERG continue to distribute the subject film containing the infringing content through their website <www.broadstreetreview.com>.

7. Defendant HBO continues to distribute the documentary through <www.hbo.com> as well as through YouTube despite the fact that they have been put on notice of the infringement.

8. Defendants COVERT PICTURES, LLC and/or BROA TSREET REVIEW and ROTTENBERG also removed the artists name from the sketch, which is a clear sign of their intent under § 504(c) of the Act.

9. There is no likelihood defendants were not aware of the infringing use as they had no license, and removed the artists' name. This is further proven by the continued use and distribution after notice.

10. Defendants have intentionally infringed the exclusive rights afforded plaintiffs under the Act.

## JURISDICTION AND VENUE

11. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 in that this controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.).

12. Plaintiffs have the right to bring the within action pursuant to 17 U.S.C. § 501(b).

13. The subject sketches were registered with the United States Copyright Office prior to the infringement by defendants.

14. Personal jurisdiction over defendants is proper in this Court on the ground that defendants maintain a headquarters or otherwise reside in New York, NY, or have conducted substantial business in this Judicial District.

15. The Court has personal jurisdiction over Defendants pursuant to CPLR § 302 (New York's long-arm statute) due to their continuous and systematic business activities within New York as described below.

16. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c).

17. A Copy of the certificate no. VAu 1-047-416 titled "Shepard Courtroom Sketches September 2010" issued by the U.S. Copyright Office are annexed incorporated hereto respectively as **Exhibit A.**

## PARTIES

18. Plaintiff Shirley Shepard ("S. SHEPARD") is a professional court-room sketch artist who has achieved renown for her sketches. S. SHEPARD is a resident of New York, New York.

19. Plaintiff Andrea Shepard ("A. SHEPARD") is a professional court-room sketch artist who has achieved renown for her sketches. A. SHEPARD is a resident of New York, New York.

20. Upon information and belief, Defendant Home Box Office, Inc. ("HBO") is a corporation organized and existing under the laws of Delaware with a headquarters located at 1100 Ave of The Americas, New York, NY, 10036. HBO may be served at CT Corporation system located at 111 Eight Ave., New York, NY. HBO was, and is, the distributer of the film "*THE NEWBUTRGH STING*", and was responsible for continuing to distribute the film containing the copyrighted sketches for months after notice on both the HBO website and YouTube. In fact, HBO continues to distribute the film and the unlicensed sketches up to and including the date of this Complaint.

21. Upon information and belief, defendant Broad Street Review ("BROAD STREET") is a non-profit corporation duly organized under the laws of Pennsylvania with a headquarters located at 1315 Walnut Street Suite 904, Philadelphia, PA 19107. Defendant BROAD STREET was the creator and/or producer of "THE NEWBUTRGH STING", and was responsible for incorporating the copyrighted sketches, and continuing to distribute the film containing the copyrighted sketches for months after notice, and in fact, up to and including the date of this Complaint.

22. Upon information and belief, defendant Covert Productions, LLC ("COVERT") is a California limited liability company with a headquarters located at 6163 Buena Vista Terrace Los Angeles, CA 90042. COVERT produced the "*NEWBURGH STING*" and was responsible for incorporating the copyrighted sketches, and continuing to distribute the film containing the copyrighted sketches for months after notice, and in fact, distributes the subject film up to and including the date of this Complaint.

23. Upon information and belief, Defendant DANIEL ROTTENBERG is an individual and resident of Philadelphia, Pa. ROTTENBERG is the sole owner of BROAD STREET, and controls defendant BROAD STREET to such an extent that it has no independent function. Defendant ROTTENBERG was the creator and/or producer of the "NEWBUTRGH STING", and was responsible for incorporating the copyrighted sketches, and continuing to distribute the film containing the copyrighted sketches for months after notice, and in fact, distributes the subject film up to and including the date of this Complaint.

## FACTS COMMON TO ALL COUNTS

24. On May 20, 2009, four men from the impoverished and largely African-American city of Newburgh, NY, were apprehended for an alleged terror plot. Their dramatic arrest, complete with armored cars, a SWAT team and FBI aircraft, played out under the gaze of major TV outlets, ultimately resulting in 25-year prison sentences for the "Newburgh Four."

25. A jury found the defendants guilty on October 18, 2010.

26. During the trial and sentencing, plaintiff S. SHEPARD sketched the Newburgh Four. For example, one of the sketches is below:



27. As is obvious from the sketch above, Ms. Shepard signs all of work.

28. More of Ms. Shepard's sketches are as follows:



29. All of the sketches are signed, and were copyrighted immediately upon drafting, and well before defendants' film was released.

30.     Upon information and belief, defendants BROAD STREET and ROTTENBERG created the subject film which was produced by defendant COVERT.  Defendants incorporated Ms. Shepard's four copyrighted sketches of into the subject film which was distributed by defendant HBO on or about April 20, 2014.

31.     Defendants also released a publicity packet containing the sketches prior to the release of the film.

32.     As of the date of the Complaint, defendants BROAD STREET and ROTTENBERG use plaintiffs' copyrighted sketch as the advertisement for the film on their website found at <http://www.broadstreetreview.com/redirecttheater/the-newburgh-sting-on-hbo>. See **Exhibit B**.



33.     The documentary received wide acclaim, appearing at dozens of festivals, and was featured on defendant HBO's cable station, as well as their website located at <http://www.hbo.com/documentaries/the-newburgh-sting> where it can be viewed as of the date of this Complaint.

34.     The documentary is also widely available on YouTube, placed there by defendant HBO.

35. To be more accurate, the YouTube documentary shows a redirect of the documentary which is streamed from defendant HBO's website <http://www.hbo.com/documentaries/the-newburgh-sting>.

36. Defendants knew they had no license. In fact, they removed the copyright owners name from the sketch.

37. Defendants were notified in April 2016 that they had no license, and have, in fact, infringed plaintiffs' exclusive rights under the Act. Defendant ROTTENBERG replied on April 27, 2016, acknowledging the defendants had no license. See **Exhibit C**.

38. On May 16, 2016, defendants were again contacted, this time by counsel to plaintiffs. Defendants elected to continue to use the copyrighted sketches on their websites and distribute the film through their websites and YouTube.

39. By the date of this Complaint, almost three months after defendants were first put on notice of the infringement, defendants have taken no steps to take the film down or remove the copyrighted sketches. In fact, defendants BROAD STREET and ROTTENBERG continue to advertise the film with plaintiffs' copyrighted sketch on their website, and HBO continues to distribute the subject film containing the copyrighted sketches.

40. Defendants COVERT, BROAD STREET and ROTTENBERG knew full well that the works were not licensed, and they attempted to hide the infringement by removing the artists' name.

41. A screen grab from the subject film is below, located at 2:31. This was taken from defendant HBO's YouTube page on June 24, 2016. (Located at https://www.youtube.com/watch?v=t3WeAPUHVtc).



42.     This is squarely under the definition of an intentional infringement under § 504(c) of the Act warranting an award at the top of the statutory range for intentional infringement, should plaintiffs elect that remedy.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

43.     Plaintiffs incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

44.     As a general proposition, a copyright confers on the owner the exclusive right to reproduce the copyrighted work.

45.     Absent a license from the copyright owners, which the owners are free to grant or deny, reproduction of the work by another constitutes copyright infringement.

46.     Defendants have, without license from plaintiffs, reproduced and/or publicly distributed the copyrighted sketches.

9

47. It cannot be disputed that plaintiffs have a valid, registered copyright, and that defendants have reproduced and displayed the copyrighted sketches without a license, thus infringing plaintiffs' rights under the Copyright Act. Irreparable injury is presumed here as plaintiffs have established a prima facie case of copyright infringement.

48. Even after each of the defendants was put on notice that it had no license or authority, defendants elected to continue to reproduce and display and/or distribute plaintiffs' copyrighted sketches.

49. Defendants COVERT, BROAD STREET and ROTTENBERG even removed the artists name from the sketch in both their film and the advertisements for the film.

50. The making or the distribution, or both, of the sketches, protected by a United States Copyright Registration, without attribution or license is actionable as acts of infringement under section 501 and fully subject to the remedies provided by sections 502 through 506 and 509.

51. Defendants' predatory conduct was clearly intentional within the meaning of 504(c)(2) for purposes of enhancing statutory damages. Defendants knew their actions constituted an infringement or at the very least acted with reckless disregard to plaintiffs' rights.

52. Defendants' knowledge and intent may be inferred from its conduct including the reckless disregard of plaintiffs' right (rather than actual knowledge of infringement), which suffices to warrant award of the enhanced damages.

53. Defendants continued distribution for months after notice is clearly intentional as defined by Section 505(c).

54. As a direct and proximate result of each of the defendants' infringement, plaintiffs have incurred actual damages in the form of license fees while defendants have used plaintiffs'

copyrighted sketches for their own commercial gain in an amount that will be determined at trial. Plaintiffs may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000, for the copyright registration identified in **Exhibit A**, as available under the law.

## SECOND CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
## AGAINST DEFENDANT COVERT, BROAD STREET, and ROTTENBERG ONLY

55. Plaintiffs incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

56. Defendant HBO materially contributed to the copyright infringement by distributing the subject film even though they may not have committed or participated in the infringing acts itself.

57. HBO has benefited significantly from the infringement both monetarily and through an increase its good will.

58. Defendant HBO was put on notice of the infringement, but elected to continue to distribute the subject film.

59. As a direct and proximate result of the defendant's infringement, plaintiffs have incurred actual damages in the form of license fees while defendants have used plaintiffs' copyrighted sketches for their own commercial gain in an amount that will be determined at trial. Plaintiffs may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000, for the copyright registration identified in **Exhibit A**, as available under the law.

### THIRD CLAIM FOR RELIEF
### CONTRIBUTORY COPYRIGHT INFRINGEMENT
### AGAINST DEFENDANT COVERT, BROAD STREET, and ROTTENBERG ONLY

60. Plaintiffs incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

61. In the event any of the COVERT, BROAD STREET, or ROTTENBERG defendants is not found to have directly infringed, each induced the infringement by HBO and gained significant material gain from the infringement.

62. Each of the defendants was put on notice of the infringement, but each elected to continue to distribute the subject film, and induce HBO to continue to distribute the film.

63. As a direct and proximate result of each of the defendant's infringement, plaintiffs have incurred actual damages in the form of license fees while defendants have used plaintiffs' copyrighted sketches for their own commercial gain in an amount that will be determined at trial. Plaintiffs may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000, for the copyright registration identified in **Exhibit A**, as available under the law.

### FOURTH CLAIM FOR RELIEF
### VICARIUS COPYRIGHT INFRINGEMENT
### AGAINST DEFENDANT COVERT

64. Plaintiffs incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

65. Defendant COVERT is vicarious liable because it had the right to supervise BROAD STREET and ROTTENBERG, and terminate HBO's use of the infringing work.

66. Defendant COVERT made money from the distribution and the enhanced attractiveness of its brand to future venders.

67. As a direct and proximate result of each of the defendant's infringement, plaintiffs have incurred actual damages in the form of license fees while defendants have used plaintiffs' copyrighted sketches for their own commercial gain in an amount that will be determined at trial. Plaintiffs may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000, for the copyright registration identified in **Exhibit A**, as available under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs pray for judgment against defendants as follows:

A. statutory damages in the amount of $150,000 per infringement for each Copyright Registration identified in the annexed **Exhibit A**, but in no case less than $30,000 with respect to each infringement, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

B. for plaintiffs' actual damage and defendants' profits if plaintiffs so elect;

C. attorneys' fees costs and disbursements in this action pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117; and,

D. for such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: June 24, 2016                          GARBARINI FITZGERALD P.C.

By: *Richard M. Garbarini*
Richard M. Garbarini
Richard M. Garbarini (RG 5496)
250 Park Avenue
7th Floor

New York, New York 10177  
Telephone: (212) 300-5358  
Facsimile: (347) 218-9479